UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN MCCAFFERTY,<br><br>Plaintiff,<br><br>v.<br><br>ON-SITE SOURCING, INC.,<br>a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 05-106<br>)<br>) Trial By Jury Demand<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant On-Site Sourcing, Inc., currently known as OnSite E Discovery ("OnSite"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff John McCafferty and states as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint and, therefore, said allegations are denied.

2. Admitted.

## JURISDICTION

3. Admitted.

4. Denied. The allegations of this paragraph are legal in nature and, therefore, require no response. To the extent that they are deemed factual, the allegations are denied.

5. Denied. The allegations of this paragraph are legal in nature and, therefore, require no response. To the extent that they are deemed factual, the allegations are denied.

6.  Denied. The allegations of this paragraph are legal in nature and, therefore, require no response. To the extent that they are deemed factual, the allegations are denied.

## FACTS

7.  Admitted.

8.  Admitted only that the Employment Agreement was entered into in August 2002. Otherwise, the Employment Agreement is a document that speaks for itself and, therefore, no response is required. To the extent that a response is required, Defendant denies any characterization of its terms. The remaining allegations of Paragraph 8 are denied.

9.  The allegations of Paragraph 9 are denied. The Employment Agreement is a document that speaks for itself and, therefore, no response is required. To the extent that a response is required, Defendant denies any characterization of its terms.

10. Admitted only that a termination without cause, as specifically provided for and defined in the Employment Agreement, could result in a two-week severance payment. Defendant explicitly denies Plaintiff's qualification under this provision of the Employment Agreement. Moreover, the Employment Agreement is a document that speaks for itself and, therefore, no response is required. To the extent that a response is required, Defendant denies any characterization of its terms. The remaining allegations of Paragraph 10 are denied.

11. Denied.

12. Denied.

13. Denied.

106821.00213/40154180v1

## COUNT 1
### Failure to Provide Notice Under COBRA
### (29 U.S.C. §1161 et. seq.)

14. Paragraphs 1 through 13 of this Answer are incorporated herein by reference as if set forth in full.

15. The allegation of Paragraph 15 states a legal conclusion to which no response is required. To the extent that a response is required, said allegation is denied.

16. Admitted.

17. The allegations of Paragraph 17 state legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

18. The allegation of Paragraph 18 states a legal conclusions to which no response is required. To the extent that a response is required, said allegation is denied.

19. The allegations of Paragraph 19 state legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

20. The allegations of Paragraph 20 state legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

21. The allegations of Paragraph 21 state legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

22. The allegations of Paragraph 22 state legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

23. The allegations of Paragraph 23 state legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

24. The allegations of Paragraph 24 state legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

25. Denied.

26. The allegations of Paragraph 26 state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies that it has violated 29 U.S.C. §§1165(1), 1162(3) and 1166(a)(2).

27. Denied.

## COUNT II
### Unpaid Wages, Commission and Expenses
### (19 Del.C. §1101 et. seq.)

28. Paragraphs 1 through 27 of this Answer are incorporated herein by reference as if set forth in full.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

All or some portion of Plaintiff's claims may be barred, in whole or part, by the applicable statute of limitations.

### Third Affirmative Defense

All or some portion of Plaintiff's claims may be barred, in whole or part, by waiver, estoppel, laches or unclean hands.

### Fourth Affirmative Defense

Plaintiff's demands for liquidated damages, lost wages, interest, judgment, costs and fees are not properly recoverable under the circumstances of this case.

### Fifth Affirmative Defense

Plaintiff has suffered no damages, and to the extent he has suffered damages, he has failed to mitigate.

### Sixth Affirmative Defense

Plaintiff has failed to sufficiently plead a legal and/or factual basis for the award of attorney's fees against OnSite.

### Seventh Affirmative Defense

OnSite was justified in all of the actions it took regarding the Plaintiff.

### Eighth Affirmative Defense

OnSite adopts, by reference, all other defenses reasonably available under state law.

### Ninth Affirmative Defense

OnSite presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional, unasserted defenses. Accordingly, OnSite reserves the right to assert any additional defenses that may be discovered during the course of this litigation.

### Tenth Affirmative Defense

OnSite is entitled to its attorneys' fees and costs incurred in this litigation because Plaintiff's lawsuit is frivolous, unreasonable, and groundless.

WHEREFORE, Defendant On-Site Sourcing, Inc./OnSite E Discovery, respectfully requests that the Court enter judgment in its favor and against Plaintiff, and award Defendant its costs and reasonable attorneys fees and award such other relief as may be just and proper.

Respectfully submitted,

BLANK ROME LLP

By: _____
David K. Sheppard, Esquire
I.D. No. 4149
1201 Market Street, Suite 800
Wilmington, DE  19801
Tel:  (302) 425-6400
Fax:  (302) 425 6464
**Attorneys for Defendant
On-Site Sourcing, Inc.**

OF COUNSEL

BLANK ROME LLP
Brooke T. Iley, Esquire
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037

Dated: June 3, 2005

106821.00213/40154180v1

## CERTIFICATE OF SERVICE

I, David K. Sheppard hereby certify that on this 3rd day of June, 2005, I caused two copies of **DEFENDANT'S ANSWER TO COMPLAINT** to be served upon the following counsel of record in the method indicated below:

### BY ELECTRONIC SERVICE

Gary W. Aber
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899

David K. Sheppard
I.D. No. 4149

106821.00213/40154180v1